Scott E. Gizer, Nevada State Bar No. 12216
  sgizer@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
3883 Howard Hughes Parkway, Suite 790
Las Vegas, NV 89169
Telephone: (702) 331-7593
Facsimile:  (702) 331-1652

Eric P. Early, SBN 166275 (*admitted pro hac vice*)
  eearly@earlysullivan.com
Diane M. Luczon, SBN 235059 (*admitted pro hac vice*)
  dluczon@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEON MARK KIZER, | Case No.: 3:15-cv-00120-RCJ-WGC |
| Plaintiff, | [Honorable Robert C. Jones] |
| vs. | **STIPULATION AND PROPOSED PROTECTIVE ORDER** |
| PTP, INC., et al, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |



**IT IS HEREBY STIPULATED** by and between the Parties to the above-entitled action, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, *Kizer v. PTP, Inc., et al.*, Case Number 3:15-cv-00120-RCJ-WGC.

    b. "Court" means the Hon. Robert C. Jones, Magistrate William Cobb or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    d. "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential."

    e. "Expert" means a person(s) with specialized knowledge or experience in a matter pertinent to the Proceeding who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    g. "Documents" means (i) any "Writing," "Original," and "Duplicate", which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    h. "Information" means the content of Documents or Testimony.

    i. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

    j. "Protected Material" means all materials designated Confidential

1

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Materials.

2. The Designating Party shall have the right to designate as "Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would create a risk of financial or other injury, or contains personal and/or private information of a Party.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion. In addition, the entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the Party's ability to redact information on a document.

4. Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The ""Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the responsibility to limit the designation to more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition

Testimony are designated for protection, the transcript pages containing "Confidential" or Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

        c.     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

        5.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of

any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have ten (10) days from receipt of the written Designation Objections to agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections. If counsel for the Designating Party does not agree to de-designate the Documents, Testimony or Information, the Party challenging the designation may file a motion with the Court seeking to de-designate the Documents, Testimony, or Information (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing why the Documents, Testimony or Information were properly marked "Confidential."

7. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a. the Court;

    b. (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel; and (3) representatives of any insurance company that has retained counsel to provide a defense for any of the Parties in the above-entitled action. Provided, however, that each non-lawyer given access

4

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

      c.    Parties and those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

      d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

      e.    any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

      f.    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

      g.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

      h.    an Expert, provided however, that prior to the Disclosure of Confidential Materials to any such Expert, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such Expert, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

      i.    any other person or entity that the Designating Party agrees to in writing.

8.    Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

      a.    operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

      b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

          i.    to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or



     ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

 11. If documents, material or information designated as "Confidential" are to be included in any papers to be filed with any court or are to be otherwise used before any court, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

 12. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

 13. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

 14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by

either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena. Nothing contained herein shall prevent either party from responding in full and complying with any request by a state or federal law enforcement agency or a grand jury subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or

to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

20. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

21. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

22. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

23. If one of the Parties learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the

1  Party must immediately (a) notify in writing the Designating Party of the unauthorized
2  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,
3  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
4  this Order, and (d) request such person or persons to execute the "Acknowledgment and
5  Agreement to Be Bound" that is attached hereto as Exhibit A.

   This Stipulation and Protective Order may be executed in counterparts.

Dated: May 6, 2016

| LEMONS, GRUNDY & EISENBERG | EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |
|---|---|
| By:   /s/ Douglas R. Brown<br>Douglas r. Brown, Esq.<br>Richard G. Verlander, Esq.<br>6005 Plumas Street, Suite 300<br>Reno, Nevada 89519<br>(775) 786-6868 | By:   /s/ Scott E. Gizer<br>Scott E. Gizer, Esq.<br>Eric P. Early, Esq. (pro hac vice)<br>Diane M. Luczon, Esq. (pro hac vice)<br>601 South Seventh Street, 2nd Floor<br>Las Vegas, NV 89101<br>(323) 301-4660 |
| MARNI RUBIN WATKINS | KELLY R. CHASE |
| By:   /s/ Marni Rubin Watkins<br>Marni Rubin Watkins, Esq.<br>2450 St. Rose Parkway, Suite 100<br>Henderson, Nevada 89074<br>(702) 667-3000 | By:   /s/ Kelly R. Chase<br>Kelly R. Chase, Esq.<br>P.O. Box 2800<br>Minden, Nevada 89423<br>(775) 782-3099 |
| J.M. CLOUSER & ASSOCIATES LTD | DYER LAWRENCE FLAHERTY DONALDSON & PRUNTY |
| By:   /s/ Justin M. Clouser<br>Justin M. Clouser, Esq.<br>1512 US Hwy 395 North, Suite 1<br>Gardnerville, Nevada 89410<br>(775) 782-2888 | By:   /s/ Francis C. Flaherty<br>Francis C. Flaherty, Esq.<br>Casey A. Gillham, Esq.<br>2805 Mountain Street<br>Carson City, Nevada 89703<br>(775) 885-1896 |



**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

137565.1

ALLISON MACKENZIE

By:  /s/ Joan Wright
    Joan C. Wright, Esq.
    402 North Division Street
    P. O. Box 646
    Carson City, Nevada 89702
    (775) 687-0202

DANIEL G. BOGDEN
United States Attorney

By:  /s/ Greg Addington
    Greg Addington
    Assistant United States Attorney
    100 West Liberty Street, Suite 600
    Reno, Nevada 89501
    (775) 784-5438

**IT IS SO ORDERED:**

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE
DATED:  May 12, 2016.



**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

# EXHIBIT "A"

## ACKNOWLEDGMENT FORM - PROTECTIVE ORDER

I, _____, hereby acknowledge that: (i) I have read the Protective Order entered in the action presently pending in the United States District Court, District of Nevada, entitled *Kizer v. PTP, Inc. et al.*, Case Number 3:15-cv-00120-RCJ-WGC (the "Action"); (ii) I understand the terms of the Protective Order; and (iii) I agree to be bound by its terms.

I will not divulge to persons other than those specifically authorized by this Protective Order, and I will not copy or use, except solely for the purposes of this Action, any documents or information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court.

I further understand that I am to retain all copies of all documents or any information designated "CONFIDENTIAL" provided to me in this Action in a secure manner, and that all copies of such documents are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such documents will be returned to counsel who provided me with such material.

I consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing said Protective Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____, _____.

Date: _____

_____
Signature

_____
Title



137565.1

## PARTIES TO THE JOINT STIPULATION AND PROTECTIVE ORDER

PARTY REPRESENTED BY LEMONS, GRUNDY & EISENBERG and FAEGRE BAKER DANIELS LLP:

Leon Mark Kizer

PARTIES REPRESENTED BY EARLY SULLIVAN WRIGHT GIZER & MCRAE LLC:

Karen Archer; William Archer; Diane Azevedo; Tony Azevedo; Donald Bates; Edward Bellesiles; Johanna Bellesiles; Kathleen Biase; Betty Birnbaum; Annelore Brisson, Timothy Brisson, Philip Brown; Sylvia Brown; John Burbeck; Marcia Burbeck; Robert Burgoon; Justin Burks; Michael Buttram; Lauren Campo; Constance Caperton; Gerald Caperton; Anna Carmagnola; Estate of Laurence Carmagnola; Alfred Castro; Virginia Castro; Denny Cavnar; Sara Center, Vicki Christensen; Robin Clark; Sharon Clark; Steven Clark; Robert Coble; Leon Coley; Patricia Coley; Henrietta Conyers; Jay Conyers; Lois Cordeiro; George Cummings; David Davis; Christopher Eckert; Jenifer Eckert; Daryl Elizalde; Rebecca Elizalde; Gerald Enderle; Judith Enderle; Jason Ensminger; Lee Faiferek; Roland Faiferek; Fabiola Fernandez; Mary Fesko; Linda Foster; Michael Foster; Ramona Freedman; Barbara Furry; Marty Furry; Elaine Gehr; James Gennarini; Vicki Gennarini; Gabriel Gonsalves; Jan Gonsalves; Erika Gonzalez; Osvaldo Gonzalez; Lynne Griggs; Roger Griggs; Carmen Gristi; Bret Guariglia; Mandee Guariglia; John Hagopian; Pamm Hagopian; Karen Hall; Jaimie Halliday; Susan Halliday; Sarah Henderson, Karla Henry; Rachel Heyen; John Heza; Josephine Heza; Andrew Hickman; Theresa Hickman, Jeffrey Hill; Leinani Hosmer; Stephen Hosmer; Janet Humphrey; Harry Hunt; Mary Lu Hunt; Dirk Jansse; Christen Jansse aka Christen V. Etheridge; Bobby Jensen; Mary Ann Jensen; Dale Johnstone; Charlie Jones; Christy Kegg; Gary Kendrick; Susan Kendrick; Matt Kleen; John Knappenberger; Ella Laden; Estate of Elizabeth Lapp; Robert Lapp; Emanuel LaTorre; Chad Lawrence; Kevin Lindquist; Sherrie Lindquist; Regina Littlebeaver; David MacGillivray; Jose Magana; Maria Magana; Francisco Marin; Louise Marin; Constance McCarthy; John McCarthy; Evelyn McClain; Joyce McKernan; David Messer; Victoria Messer; Estate of John Miller; Linda Miller; Christopher Mullin; Patricia Neyman; Sharon Nicholas; Julie Nicholson; Sharon Norman; Alice Norton; Elizabeth O'Hara; Estate of Patrick O'Hara; Vince Pacheco; Richard Padilla; Jean Pagendarm; Louis Gino Perri; Josephine Perri; Donald Poole; Amy Poole; Angela Powell; Mitchell Powell; John Redd; Stefanie Rippe; Steve Rippe; Joaquin Rodriguez; Reinalda Rodriguez; Lepolian Rose; Paula Rose; Ed Sabouri; Nazzi Sabouri; Wendy Sands; Linda Sanfilippo; Robert Sanfilippo; Robert Shortback; Estate of Merna Simpson; Carolyn Skeins; James Skeins; Steve Smit; Barbara Smith; R. James Smith; Douglas Steed; Victoria Steed; April Stephens; Estate of Randall Stephens; Edward Stevens; Sharon Stevens; Douglas Stimpson; Kathleen Stimpson; Robert Stone; Marie Sutton; Chris Swanson; Josephine Taylor; Michael Teeuwen; Sharon Thompson; Steven Thompson; Melba Tiffee; Ronald Tiffee; Charles Tisdale; Cynthia Tisdale; Carmen Valadez; Santiago Valadez; Paul Vechil; Debra Veselitza; Francis Voudy; Robert Voudy; Betty Jo Wailes; Russell Wailes; Doris M. Watts; Danielle Wilson; Lawrence Wilson; Elaine Zolkos; R&C Ventures, LLC; Topaz Lodge, Inc.; 274 Mark, LLC; Penny Hunter as trustee of the Hunter Family Trust dated December 2, 2015 and Mark Hunter as trustee of the Hunter Family Trust dated December 2, 2015.

139809.1

PARTIES REPRESENTED BY FIDELITY NATIONAL LAW GROUP:

John R. Castaneda and Rachel Lencioni; Cedar Flats Ventures, LLC; Stanley J. Conner; Lorretta Conner; Donald Damotte; Stephen Dickerson; Cheri Donahue; Paul Fleury and Phyllis Rhoden; Roland Faiferek; Lee Faiferek; Paul Hanson; Donald and Bonnie Jackson; Kyle S. Larsen; Marcie Rae Larsen; Trever McCanless; Jason Meindl; Ray I. Meyers; Alberta C. Meyers; Anne Moran; John Olson and Mary Olson, Trustees of the John and Mary Olson Living Trust; Krystle Peirce; Joseph M. Presto, Sr.; Jean D. Presto; Phyllis E. Rhoden; John Rodman; Reinalda Rodriguez; Wayne M. and Sharon L. Sharrar Revocable Trust; Wayne M. Sharrar; Sharon L. Sharrar; Stephen Wilken; Erick Smith; Paul Schmidt; Kathy Schmidt; Megan Stewart.

PARTIES REPRESENTED BY ALLISON MacKENZIE, LTD.:

The Wright Defendants include: John Gerken; Cindy Gerken; Gregory Gerken; Max Hoseit; Christina Reinholz; Daniel Reinholz.

PARTIES REPRESENTED BY KELLY R. CHASE:

Chris and Joyce Howell; Kirk and Gina Johnson; Johnson Development, LLC; Tracey Morris; Jennifer (Rodgers) Wilgers.

PARTIES REPRESENTED J.M. CLOUSER & ASSOCIATES, LTD.:

PTP, Inc.; Stanley and Loretta Conner; Paul Schmidt, Successor Trustee of the Schmidt Family Trust (Melvin and Pearl Schmidt); Christine Armenta; Frank Ross.

PARTIES REPRESENTED BY DYER, LAWRENCE, FLAHERTY, DONALDSON & PRUNTY:

Pine View Estates Homeowners Association

PARTIES REPRESENTED BY UNITED STATES ATTORNEY AND UNITED STATES DEPARTMENT OF JUSTICE:

Bureau of Indian Affairs

139809.1