# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEON MARK KIZER, <br><br> Plaintiff, <br><br> vs. <br><br> PTP, INC. et al., <br><br> Defendants. | 3:15-cv-00120-RCJ-WGC <br><br> **ORDER** |

Before this Court is the Plaintiff's Motion for Default Judgment (ECF No. 456) to void Mr. Francis Brun's and Ms. Aileen Brun's (the Defendants') leasehold interest in Public Allotment No. CC-234 (the Property). The Plaintiff's served the Defendants on May 25, 2015 (ECF Nos. 222, 223) to which the Defendants have not responded. On January 3, 2017, the Clerk of the Court entered Default against the Defendants (ECF No. 428). Presently, the Plaintiff moves this Court to enter Default Judgment in his favor under Federal Rule of Civil Procedure 55(b)(2). This Court grants the Plaintiff's motion.

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 55, there is a two-step process in order to acquire a default judgment. First, the Plaintiff must have the clerk of the court enter default. Second, the Plaintiff must petition the Court for default judgment, when the nonmoving party has appeared or

///

the default judgment request is not for a certain sum of money. In the petition, the Plaintiff must set forth the following information:

> (1) when and against which party, the default was entered;
> (2) the identification of the pleading to which default was entered;
> (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented;
> (4) that notice of the application has been served on the defaulting party, if [the nonmoving party has either formally appeared or shown a clear purpose to defend the suit].

*PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

When the Plaintiff meets the five requirements, "[t]he decision to enter a default judgment is a matter left to the sound discretion of the court." *Granite State Ins. Co. v. CME Prof'l Servs. LLC*, No. CV-18-02488-PHX-JGZ, 2019 WL 399923, at *2 (D. Ariz. Jan. 31, 2019) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has provided the district courts with a framework with which to determine the appropriateness of granting default judgment in *Eitel v. McCool*. 782 F.2d 1470 (9th Cir. 1986). The Court of Appeals has listed seven factors to consider:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and,
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

///

*Id.* at 1470-71.

**ANALYSIS**

In the instant case, the Plaintiff has satisfied the prerequisites for the acquisition of a default judgment. First, the motion specifies that the clerk entered default against the Defendants on January 3, 2017. Second, the Defendant did not respond to the Complaint. Third, the Defendants

are neither infants nor incompetent persons. Fourth, the Court finds that the Defendants were not entitled to receive notice since they did not formally appear in the case. While the Defendants did enter into settlement negotiations between February 2017 and July 2017, the Defendants did not participate in the case. *See Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989) (finding no notice requirement when the defendant did not "attend pretrial conferences, . . . participate in or remain informed about the litigation, [and failed] to attend [courtroom proceedings].). Thus, this Court will turn to the factors to consider entry of default in its discretion.

First, this Court finds that the Plaintiff will suffer prejudice if the Court does not grant default judgment. This case has been pending since 2015. The case involved more than 200 units of property. The Plaintiff has been able to litigate the issues with the other defendants and has reached a settlement agreement with all other parties. The Plaintiff has demonstrated attempts to serve and litigate these issues with the Defendants here, and the Defendant's failure to respond prevents the Plaintiff from litigating this issue. Accordingly, this Court finds that an inability to litigate through good faith attempts would prejudice the Plaintiff.

The second and third factors weigh in favor of granting the Plaintiff's request. The Plaintiff's case against the Defendants is substantially similar with the other defendants in this case. The Plaintiff has survived a 12(b) motion attacking the sufficiency of the complaint and has been able to settle with all other defendants. Accordingly, the Plaintiff has shown the merits and sufficiency of his complaint.

Although the fourth factor—the sum of money at stake—is not applicable in this case, the fifth factor is, and it likewise weighs in favor of granting the motion. There do not seem to be material facts at issue in this case. The other defendants primarily argued on the bases of law. Furthermore, upon the entry of default, all factual allegations in the complaint are taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

The sixth factor favors granting the default judgment. Here, the Defendant was served process on May 25, 2015. Further, the Defendant entered into settlement negotiations in 2017. Since, that time, the Defendant has been unreachable. Accordingly, there does not seem to exist excusable neglect.

Lastly, the granting of default judgment is not thwarted by the seventh factor. Here, the Plaintiff has not had an opportunity to try the case on the merits with the Defendants. Therefore, this factor weighs in favor of granting the default judgment. Ultimately, the Court finds that the totality of the *Eitel* factors weigh in favor of granting the default judgement.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 456) is GRANTED.

IT IS SO ORDERED.

DATED: This 18th day of April, 2019.

_____
ROBERT C. JONES
United States District Judge